

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Edgar Hutchins
County Attorney
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. 0-6467
Re: Procedure to clear title to
land sold to the State for de-
linquent taxes which were actu-
ally not due thereon.

The basis for your request for an opinion from this
department upon the captioned question is set forth in your
letter as follows:

"....

"In 1930 the County foreclosed on a tract of
land in the regular way and after securing judg-
ment advertised the land for sale. As no bidders
appeared on the sale date the Sheriff executed
his deed to the State of Texas. There has been
no subsequent sale of said land nor was it re-
deemed. It developed this year that the taxes
which were the basis for the foreclosure in 1930
constituted a double rendition of the property
involved and the regular rendition was paid on
current receipts for each of the years. The ren-
dition which formed the basis for this tax fore-
closure has since been cancelled as an erroneous
rendition.

"It is my opinion in view of the above state
of facts that the entire foreclosure proceeding
became void, and that the Sheriff's deed to the
State of Texas is a void deed. This deed however

Honorable Edgar Hutchins, Page 2

does constitute a cloud upon the owner's title
to the land which the County and State is obli-
gated to remove. Under the present statutes pro-
viding for a re-advertisement of property bid in
in the name of the State it is contemplated that
the foreclosure was valid and that a tax lien
actually existed. In this case where no tax lien
actually existed we want to know what procedure
is necessary in order to clear this title. . . ."

Article 7291 of Vernon's Annotated Civil Statutes
of Texas, 1925, as amended, provides as follows:

"The owner of real estate which has been
bought in by the State for taxes, or his heirs
or assigns, may redeem the same at any time prior
to the sale thereof, by the payment to the col-
lector of the county in which such real estate is
situated, or to the Comptroller, if in an unor-
ganized county, of the amount designated by the
Comptroller as due thereon with costs of adver-
tisement; and if it shall at any time appear to
the satisfaction of the Comptroller that any land
has been sold to the State for taxes which have
been paid, or that the sale has not been made in
accordance with the law authorizing the sale of
land for taxes, he shall upon the payment of the
amount that may be due thereon, cancel such sale;
and deliver to the owner of the land, or his agent,
a certificate under seal of his department, set-
ting forth the fact that such land has been re-
deemed, or that such sale has been cancelled;
which certificate shall release the interest of
the State and the same may be recorded in the
proper county as other conveyances of real estate
are recorded."

Article 7292, Vernon's Annotated Civil Statutes of
Texas, 1925, as amended, provides:

"Each commissioners court shall, at the regu-
lar terms of said courts sit as a court of inquiry
in cases where land has been erroneously rendered
for taxes; and any land owner whose land has been
or may be sold to the State for taxes may appear
before said court in person or by proxy and show

to the satisfaction of a majority of said court that the texes for which his lands have been sold have been paid, although the same was rendered in an incorrect abstract number or survey or original grantee; thereupon said court shall issue to said land owner a certificate setting forth fully said facts, which certificate shall be signed officially by the county judge of said county; and, upon presentation of said certificate to the Comptroller, he shall execute and deliver to said land owner a valid deed relinquishing all the right, title and interest the State may have acquired in and to said land by reason of such tax sale."

You are advised that you may proceed under either of the above quoted statutes in order to remove any encumbrance created by the tax sale in question. As a practical matter, we understand the Comptroller's Department operates under Article 7291, but in order to satisfy itself thereunder, requires the Commissioners' Court to issue a certificate as provided in Article 7292.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Robert O. Koch
Assistant

ROK:mp

